IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    PLAINTIFF<br><br>         V<br><br>JOSE FRANCO SANTIAGO<br>    DEFENDANT | CRIM. NO. **07-344 (DRD)** |

## MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW the Defendant, José Franco Santiago, through the undersigned counsel, and very respectfully requests the dismissal of this case as a direct result of the persistent Brady and Discovery violations from the United States of America.

I. FACTS

1. The United States of America indicted José Franco Santiago on August 22, 2007.

2. On September 5, 2007, the Government filed a superseding indictment in the instant case.

3. After numerous status conferences and various trials setting during these past two years, the trial in this case was finally scheduled for January 11, 2010.

4. The Government was ordered to provide the entire discovery by December 21, 2009 except for Jenks and Giglio which was ordered to be provided by December 28, 2009.

5. On December 23, 2009, the prosecutor filed a pro forma Designation of Evidence. In this motion, the government notified its intention to use some evidence that as of today, we have not received. Example of the evidence mentioned in the government's designation of evidence that we have not received is the defendant's photo identification, map of Santander Bank, Plaza Carolina, Buen Consejo Ward, and American Buffet Restaurant, Report on Defendant's oral statement, and result of finger prints analysis.

6. On December 23, 2009, the prosecutor filed United States of America Notice of Intent to Use Expert Witness at Trial. In that motion, the prosecutor notified that the government intent to use a Forensic Latent Print Analyst. However, as of today, the government has not provided any finger print analysis result of the defendant or anybody else.

7. On December 24, 2009, three days late, the Government notified the existence of the forth Discovery package. After reviewing the documents provided by the government in the last discovery package, the undersigned found Brady material that should have been provided years ago. Furthermore, the government provided redacted Brady material which should have not been redacted and that is completely useless in the manner that was provided.

II. MEMORANDO OF LAW

The Government has the obligation to disclose upon request all exculpatory evidence which is material either to guilt or punishment. <u>Brady v Maryland</u>, 373 U.S. 83 (1963). Exculpatory evidence extends to any evidence which would affect the credibility of a government witness. This would include any information which

shows bias of a witness, motive of the witness to lie or exaggerate the testimony and any credibility concern of a government witness US v. Abel, 463 US 45 (1984). Criminal record of a witness is discoverable to explore issue of bias.  See Abel, Supra The United States Supreme Court held in the case of Ohler v. US, 120 SCT 1851 (2000) that there is Brady violation where the government belatedly disclosed reports containing impeachment of a government key witness.  In the instant case, the government not only turned late impeachment evidence of its key witness (cooperating co-conspirator), but turned it with so many redaction that is useless. Furthermore, the defendant respectfully submits that it is our impression that some of the redacted information itself may be impeachment material of the cooperator co-conspirator, therefore, constituting Brady material.

This Honorable Court has the authority under Rule 16 (d)(2) of the Federal rule of criminal Procedure to dismiss this case based on the prosecution's never ending Brady violations and violation to this Honorable Court's order regarding to disclosure of discoverable evidence.  The government's action has placed the defendant in a disadvantage position for the trial that is scheduled to begin on January 11, 2010.  On the last discovery package we received redacted criminal record of the government's main witness.  With those documents, the undersigned cannot investigate the outcome of the witness' cases and obtain certified copy of the sentences for impeachment purpose.  The defendant was placed in this disadvantage as a direct result of the government's intentional disclosure of redacted criminal record of one of its main witness.  The information as provided is useless and we cannot use it to investigate

the outcome of the cases and to obtain certified copies of the sentences for impeaching purpose.

WHEREFOR:  the defendant respectfully requests that this motion be granted and that this Honorable Court dismiss the instant case, in the alternative, set a hearing to discuss this motion.

It is hereby certified that on this same date, the undersigned electronically notified copy of this motion to all CM/EMF participants

In Ponce, Puerto Rico, this January 4, 2010.

      s/Juan E. Álvarez Cobián
      Attorney for Defendant
      USDC-PR-202107
      Condominio Ponciana 802
      Ponce, Puerto Rico  00717
      Tel. (787) 536-7300
      Fax (787) 841-5646
      E-mail: juanealvarezcobian@yahoo.com